## COUNTY OF WALDO.

### SWEENY *versus* MILLER.

The establishment of a divisional line between adjoining lands, resulting from the acceptance of an award made under a rule of Court, by which the referee was authorized to establish the line, is not in contravention of the Statute of Frauds or of any other principle of law, although, previous to the docket entry of the submission, no agreement had been made *in writing* to refer the matter.

To enforce the rights, resulting from such an acceptance and judgment thereon, the law will furnish adequate remedies.

ON EXCEPTIONS from the *District Court*, RICE, J.

TRESPASS QUARE. The question was one of boundary.

The action was referred by rule of Court to Rufus B. Allyn, Esq., who was to decide the action on legal principles, and to establish the line between the parties. There was no written agreement to refer. The referee awarded, that the plaintiff recover in the suit, and that the line between the parties, on or by the premises described in the declaration, *be fixed* and established as follows, [describing the course and boundaries of a straight line ;] " the plaintiff 's land to be contiguous to the west side of said straight line, and the defendant's land to be contiguous to the east side of the same line."

The defendant moved that the award be recommitted or rejected. Among the reasons for the motion it was urged, that the referee " had no authority to make a new line, but was only authorized to run and fix where the true line was, upon legal principles"; and that he, nevertheless, wrongfully established a new and " arbitrary" line. The other reason suggested was, that suitable opportunity for the defendant's counsel to offer an argument was not allowed by the referee. Evidence was introduced to the Court by the defendant to show a mistake in the awarded line. The award was accepted, and the defendant filed exceptions.

*Palmer*, for the defendants.

1. The acceptance of the award cannot bind the parties. A judgment thereupon would not vest the lands, according to the award, without mutual releases. Such releases were not required by the award, and cannot be decreed by a Court of Equity, for there was no previous *written agreement* for the submission, to which such a Court could resort for power. In no case wherein exceptions have been taken to the acceptance of an award, and wherein the title to real estate was passed, have the Courts held that they had power to give it effect, unless by virtue of a *written agreement* signed by the parties. 6 Pick. 147 ; 17 Pick. 470 ; 22 Pick. 144 ; 6 Metc. 131 ; 13 Metc. 383 ; 18 Maine, 255 ; 12 Metc. 31.

2. The award attempts to transfer to one party land which belongs to the other. There being no written agreement to refer, such an attempt is in violation of the statute of frauds.

*Dickerson,* for the plaintiff.

Shepley, C. J. — The record and the rule of reference states, that the referee " is to decide this action on legal principles and establish the line between the parties." The law as well as the facts was thereby submitted to his decision. He was under no obligation to state the facts proved before him and to submit a question of law for the consideration of the Court.

The parties by the reference admit, that the line between their lands was disputed and uncertain ; that its exact position had not been ascertained. The design appears to have been to have that uncertainty removed and to have the position of the line clearly ascertained and established. The fourth clause of the award declares " that the line between said parties on or by the premises described in the plaintiff's writ, be fixed and established as follows," describing it. There is no indication in the award, that the testimony introduced was disregarded, or that land not in dispute was taken from one party and assigned to the other. The statement, that the land of each party is to be contiguous to that line, is of no importance, it being but a statement of the legal effect of

the establishment of the line between their lands. The testimony introduced before the referee is not presented by the exceptions, and the Court can form no judgment, that an incorrect decision was made by him upon the facts; that the line established was not authorized by the testimony; or that the law was not correctly applied.

The testimony respecting what the referee did and said can have no other effect than to prove, that he so conducted, that his award ought not to be accepted. This it fails to do.

There does not appear to be any just cause to fear, that the award will not be conclusive upon the rights of the parties submitted.

TENNEY, WELLS and HOWARD, J. J. concurred.

*Exceptions overruled.*